IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERMONE CARRINGTON, | ) | CASE NO. 1:16 CV 160 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIGHAM SLOAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jermone Carrington for a writ of habeas corpus under

28 U.S.C. § 2254.[2]  In 2013, Carrington pled guilty to two counts of felonious assault with

firearm specifications in the Cuyahoga County Court of Common Pleas[3] and is serving a

sentence of nineteen years.[4]  He is currently incarcerated at the Lake Erie Correctional

Institution in Conneaut, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Dan Aaron Polster by non-document order dated January 26, 2016.

[2] ECF # 1.

[3] *Id.*

[4] *Id.*

[5] http://www.drc.state.oh.us/OffenderSearch

In his petition, Carrington raises three grounds for habeas relief.[6] The State has filed a return of the writ arguing that the petition should be dismissed or denied because all three grounds are procedurally defaulted, non-cognizable, or without merit.[7] Carrington has filed a traverse.[8]

For the reasons that follow, I will recommend Carrington's petition be dismissed.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

Carrington was charged under an eight-count indictment that included two counts of attempted murder, four counts of felonious assault, one count of domestic violence, and one count of having weapons under disability.[10] Counts 1 through 6 included one-and three-year firearm specifications.[11]   The domestic violence count (Count 7) included a recitation that

---

[6] ECF # 1.

[7] ECF # 7.

[8] ECF # 8.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF # 7, Attachment 1 at 51.

[11] *Id*.

Carrington had previously been convicted of or pleaded guilty to three offenses of domestic violence.[12]

On October 21, 2013, under a plea agreement, Carrington pleaded guilty to the two felonious assault charges contained in Counts 3 and 4, both with one-and three-year firearm specifications.[13]  The State moved to delete the one-year firearm specifications, and Carrington pleaded guilty to the three-year firearm specifications on both counts.[14]  In exchange for the plea, the State nolled the remaining counts.[15]  During the plea hearing, the State argued that because the two counts of felonious assault involved two different victims, they were not allied offenses of similar import and would not merge.[16] The State also noted that the firearm specifications of Counts 3 and 4 would merge.[17] The State requested the imposition of consecutive sentences.[18]

At the sentencing hearing held on November 25, 2013, the trial court heard statements from Carrington, the victims, defense counsel, and the State.[19]  The court also considered the

---

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id.*

[18] *Id*. at 51-52.

[19] *Id.* at 52.

presentence investigation report ("PSI").[20]  The court then sentenced Carrington to eight years incarceration on each felonious assault and three years on the firearm specification, merging the two specifications.[21]  The sentence was ordered to be served consecutively, for an aggregate 19 years.[22]

**B.   Delayed direct appeal**

*1.   Ohio Court of Appeals*

Carrington, through counsel, filed a motion for delayed appeal[23] and notice of appeal[24] with the Ohio Court of Appeals. The motion for delayed appeal was granted.[25]  In his brief, Carrington filed two assignments of error:

1.   Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution.[26]

2.   The trial court erred by imposing consecutive sentences.[27]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 11.

[24] *Id.* at 9.

[25] *Id.* at 14.

[26] *Id.* at 16.

[27] *Id.*

The State filed a brief in response.[28] The Ohio appeals court affirmed Carrington's convictions but remanded the case to the trial court for the limited purpose of including the trial court's finding for consecutive sentences in the judgment entry.[29]

## 2.    *The Supreme Court of Ohio*

Carrington, *pro se*, thereupon filed a timely[30] notice of appeal[31] with the Ohio Supreme Court.   In his brief in support of jurisdiction, he raised the following proposition of law:

> 1.    To make [a] defendant's [due process] right meaningful, a sentencing Court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate before imposing Consecutive sentencing that is Contrary to Law using the statutory guidelines of R.C. §2929.14(C)(4).

The State filed a waiver of memorandum in response.[32] On April 8, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal under S.Ct.Prac.R. 7.08(B)(4).[33]

---

[28] *Id.* at 29.

[29] *Id.* at 49.

[30] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).

[31] *Id.* at 68.

[32] *Id*. at 105.

[33] *Id*. at 106.

### C.      Petition for post-conviction relief

On September 4, 2012, while his direct appeal was pending, Carrington, *pro se*, filed a petition for post-conviction relief under Ohio Rev. Code §2953.21.  In his petition,[34] Carrington argued that his trial counsel was ineffective and his plea was not made knowingly, intelligently, or voluntarily.[35] The State filed an opposition to the petition[36] and proposed findings of fact and conclusions of law in response.[37]  On September 18, 2014, the trial court denied Carrington's petition for post-conviction relief.[38]

### 1.      *Ohio court of appeals*

Carrington, *pro se*, timely filed[39] an appeal from the denial of his post-conviction petition.[40]  The court of appeals dismissed the appeal, *sua sponte*, because Carrington failed to file the record.[41] Carrington then filed a motion for extension of time to transmit the

---

[34] *Id*. at 107.

[35] *Id*. at 120.

[36] *Id*. at 130.

[37] *Id*. at 136.

[38] *Id*. at 144.

[39] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Carrington's denial was journalized on September 18, 2014 (*id*. at 144) and the notice of appeal was filed on October 9, 2014. *Id*. at 145.

[40] *Id*.

[41] *Id*. at 155.

record.[42] The court denied the motion as moot because the trial court had not issued findings of fact and conclusions of law.[43]  Thus, the appeal could not be reinstated since there was no final appealable order.[44]

On January 28, 2015, the trial court granted the State's motion to deny the petition and issued findings of facts and conclusions of law.[45]  Carrington then filed a motion for leave to appeal in forma pauperis.[46]  The appellate court treated his motion as a motion for reconsideration, which it granted.[47]  On March 24, 2015, Carrington's appeal was dismissed for failure to timely file his brief.[48]  Carrington then filed a motion to reinstate the appeal,[49] which the court denied.[50]

---

[42] *Id*. at 156.

[43] *Id*. at 160.

[44] *Id*.

[45] *Id*. at 161.

[46] *Id*. at 167.

[47] *Id*. at 172.

[48] *Id*. at 173.

[49] *Id*. at 174.

[50] *Id*. at 179.

**D.     App.R.26(B) application to reopen appeal**

On January 12, 2015, Carrington, *pro se*, filed an Ohio App.R.26 application to reopen his direct appeal.[51]   In his brief,[52] Carrington asserts the following assignments of error:

1.     Appellant- Jermone Carrington was denied the effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution for counsel's failure to raise the issue that R.C. 2951.03(B)(5) places an affirmative duty on the trial court to make a finding regarding any objection raised by the Defendant to a factual statement in a PSI report that the trial court admitted was wrong (Transcript page at page 35 §18-19) that did not justify sentencing Appellant to a consecutive sentence of nineteen years.[53]

2.     Appellant- Jermone Carrington was denied the effective assistance of appellate counsel in violation of his Sixth Amendment rights under the United States Constitution for counsel's failure to raise the issue in Appellant's direct appeal that during the plea colloquy the trial court committed prejudicial error and abused its discretion for failure to give appellant Carrington the opportunity to address a question he had concerning the guilty plea procedure (Transcript at 22, §25; page 23 §1-3) where in entering his guilty plea, Appellant believed the agreed sentence was only to be half the potential penalty involved for that offense, rather than the maximum 19 years.[54]

---

[51] *Id*. at 180.

[52] *Id*. at 181.

[53] *Id*. at 185.

[54] *Id*. at 188.

The State filed a brief in opposition.[55] On July 20, 2015, the court of appeals denied

the App.R.26(B) application.[56]

*1.      The Supreme Court of Ohio*

Carrington, *pro se*, filed a timely notice[57] of appeal with the Supreme Court of Ohio.[58]

In his memorandum in support of jurisdiction,[59] Carrington raised the following propositions

of law:

1.      The equal protection under Article I Section 10 of the Ohio
        Constitution and the XIV Amendment to the United States Constitution
        places an affirmative duty on the trial Court to make a finding
        regarding any inaccuracies in a PSI Report it admits was wrong" R.C.
        2951.03(B)(5)., not justifying the Court's error Of that law as an
        expression of the Court's frustration over identified errors. R.C.
        2951.03(B)(5).

2.      Due process Of law protected under Article I Section 10 of the Ohio
        Constitution and the XIV Amendment to the U.S. Constitution warrants
        a trial Court's compliance with a Crim. R.11(C) statute, where a trial
        court must make Certain advisement's prior to accepting a defendant's
        guilty plea in Order to ensure that the plea is knowing, intelligent, and
        voluntary.[60]

---

[55] *Id*. at 207.

[56] *Id*. at 220.

[57] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed
within 45 days of entry of the appellate judgment for which review is sought.); *See*,
*Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day
limit) (unreported case).

[58] ECF #7, Attachment 1 at 229.

[59] *Id*. at 231.

[60] *Id*. at 232.

The state filed a memorandum in opposition of jurisdiction.[61]   The Ohio Supreme

Court declined jurisdiction under S.Ct.Prac.R.7.08(B)(4).[62]

**E.     Second appeal of post-conviction proceedings**

On February 18, 2015, Carrington filed a new appeal of the trial court's finding of

facts and conclusions of law issued in his post-conviction action.[63]  But, the court of appeals

dismissed the case, sua sponte, for failure to file the record.[64]

**F.     Delayed appeal of post-conviction proceedings**

On June 11, 2015, Carrington filed a petition for delayed appeal.[65] The court of

appeals denied the motion on June 23, 2015.[66]

**G.     Petition for writ of habeas corpus**

On January 22,2016 Carrington, *pro se*, timely filed[67] a federal petition for habeas

relief.[68] As noted above, he raises three grounds for relief:

---

[61] *Id*. at 255.

[62] *Id*. at 270.

[63] *Id*. at 271.

[64] *Id*. at 306.

[65] *Id*. at 307.

[66] *Id*. at 314.

[67]  The present petition for federal habeas relief was filed on January 22, 2016. ECF
# 1. As such, it was filed within one year of the conclusion of Carrington's direct appeal in
the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[68] ECF # 1.

| | |
|---|---|
| **GROUND ONE:** | Pursuant to the Fourteenth Amendment of the United States Constitution, in making a defendant's [Due Process] rights meaningful, a sentencing court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate before imposing consecutive sentencing that is contrary to law using the statutory guidelines of R.C. §2929.14(C)(4).[69] |
| **GROUND TWO:** | The Equal Protection under Article I, Section 10 of the Ohio Constitution and XIV Amendment to the United States Constitution places an affirmative duty on the trial court to make a finding regarding any inaccuracies in a PSI before it admits was wrong R.C. § 2951.03(B)(5) not justifying the Court"s [sic] error of that law as an expression of the court"s [sic] frustration over identified errors. R.C. §2951.03.[70] |
| **GROUND THREE:** | Due Process of Law protected under Article I, Section 10 of the Ohio Constitution warrants a trial court's compliance with Crim.R.11(C) statute, where a trial court must make certain advisement's prior to accepting defendant's guilty pleas in order to ensure that the plea is knowingly, intelligent, and voluntary.[71] |

## Analysis

**A.  Preliminary observations**

Before proceeding further, I make the following preliminary observations:

---

[69] ECF # 1, Attachment 1 at 4.

[70] *Id*. at 8.

[71] *Id*. at 11.

1.　　There is no dispute that Carrington is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[72]

2.　　There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[73]

3.　　In addition, Carrington states,[74] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[75]

4.　　Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[76]

5.　　Finally, Carrington has not requested the appointment of counsel,[77] but he has requested an evidentiary hearing to develop the factual bases of his claims.[78]

---

[72] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[73] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[74] *See*, ECF # 1 at 9.

[75] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[76] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[77] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[78] 28 U.S.C. § 2254(e)(2).  As will be noted later, the request for an evidentiary hearing will be denied. Inasmuch as the claims here will be dismissed as either procedurally defaulted or non-cognizable, there is no basis for conducting an evidentiary hearing going to the merits of the claims.  Further, even if the claims were subject to review on the merits, "federal courts are prohibited from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (citing *Cullen v.*

-12-

**B.**     **Standards of review**

*1.*     *Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[79] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[80] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[81]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[82] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[83] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[84]

---

*Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011)).

[79] 28 U.S.C. § 2254(a).

[80] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[81] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[82] *Estelle*, 502 U.S. at 67-68.

[83] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[84] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[85] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[86] and may not second-guess a state court's interpretation of its own procedural rules.[87] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[88] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[89]

## 2.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[90]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[91]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[92]  This requires a petitioner to go through "one

---

[85] *Id.*

[86] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[87] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[88] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[89] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[90] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[91] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[92] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

complete round" of the state's appellate review process,[93] presenting his or her claim to "*each appropriate state court.*"[94]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[95]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[96]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[97]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[98]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[99]

---

[93] *Boerckel*, 526 U.S. at 845.

[94] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[95] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[96] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[97] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[98] *Id.* (citing *Maupin*, 785 F.2d at 138).

[99] *Id.*

-15-

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[100] that is both 'firmly established and regularly followed.'"[101]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[102]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[103]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[104]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[105]

---

[100] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[101] *Id.* (citation omitted).

[102] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[103] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[104] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[105] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[106]

*3.*     ***AEDPA review***

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[107], codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[108]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[109]

---

[106] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[107] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[108]  *See* 28 U.S.C. § 2254 (2012).

[109]  28 U.S.C. § 2254(d) (2012).

-17-

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[110] and "difficult to meet,"[111] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[112]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[113]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[114] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[115] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[116]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[117]  The state

---

[110] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[111] *Id.* (citation omitted).

[112] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[113] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[114] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[115] *Id.*

[116] *Id.*

[117] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[118]   Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[119]   When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[120]   Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[121]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[122]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[123]   Under the "unreasonable application" clause, the federal habeas court must

---

[118]   *Id.*

[119]   *See id.*

[120]   *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[121]   *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[122]   *Id.*

[123]   *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      *"Unreasonable determination"* of the facts

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[124]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[125] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[126] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[127] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[128]

---

[124]  *Brumfield*, 135 S.Ct. at 2277.

[125] 28 U.S.C. § 2254(e)(1) (2012).

[126]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[127]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[128] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

## C.  Application of standards

The State argues that all three federal habeas claims for relief are procedurally defaulted, non-cognizable, or without merit.

The State maintains that the first two grounds - both of which arise from alleged violations of Ohio law in sentencing - are procedurally defaulted and/or non-cognizable.[129] As the State notes, the first ground for federal habeas relief is that the trial court violated Due Process by using inaccurate information to impose a consecutive sentence contrary to Ohio law, and in the second federal claim Carrington contends that Equal Protection was violated when the trial court violated Ohio law by failing to find an inaccuracy in the pre-sentence report.[130]  Because, as will be discussed, neither claim is cognizable here, I will analyze the claims under that standard and not the one for procedural default.[131]

Errors by state courts in applying state sentencing law are not cognizable in federal habeas proceedings,[132]  absent a showing that the state court decision rendered the entire process fundamentally unfair.[133]  Here, Carrington has simply contended that the trial court

---

[129] ECF # 7 at 16-22.

[130] *Id.* at 17 (citing petition).

[131] It is acceptable for the federal habeas court to bypass any analysis of a claimed procedural default if doing so allows the court to avoid a complex state law procedural analysis and the matter can be resolved contrary to the petitioner. *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003)(citations omitted).

[132] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Howard v. White*, 65 Fed. App'x 958, 959 (6th Cir. 2003);

[133] *See, Bey v. Begley*, 500 F.3d 514 (6th Cir. 2007).

violated provision of Ohio statutory law by not obtaining independent verification for the facts contained in the pre-sentence report.   In so claiming, he has not pointed any United States Supreme Court case holding that it is fundamentally unfair for a state court to impose consecutive sentences on the basis of information contained in a pre-sentence report without first itself independently verifying that information or subjecting that information to a second level of verification.[134]

Because both Ground One and Ground Two are premised on alleged violations of Ohio sentencing statutes that themselves do not rise to the level of rendering the entire sentencing process fundamentally unfair,  neither ground for relief states a cognizable claim for federal habeas relief, and so further recommend that both grounds should be dismissed.

In Ground Three Carrington maintains that the trial court violated Ohio Criminal Rule 11 in accepting his guilty plea. As the State notes, this claim - even if accepted as a federal constitutional claim - was not made during direct appeal but was raised first in Carrington's post-conviction motion to the trial court, which then granted the State's motion to deny the petition on that issue, and Carrington failed to timely appeal from that decision.[135]

As the State observes, because this ground was evident on the face of the record, it should have been asserted on direct appeal, and would have been barred by *res judicata* in

---

[134] *See, Blackmon v. Booker,* 394 F.3d 399, 400 (6th Cir. 2004)(citation omitted)(mere allegation of a denial of "due process" or "equal protection" is insufficient to fairly present a claim that a federal constitutional right was implicated).

[135] As stated above, Carrington attempted a second appeal from that decision, which was denied *sua sponte*, for failure to file the accompanying record. He filed yet another unsuccessful attempt to appeal that decision.

any subsequent forum in Ohio.[136]  Further, even to the extent that it was raised in the post-conviction motion that was denied, Carrington did not properly appealed to the Ohio appeals court, or to the Supreme Court of Ohio. As such, the claim is procedurally defaulted.

While Carrington appears to state that this claim is exhausted - in that he has no further options to present it to Ohio courts,[137] he does not refute that his failure to follow Ohio procedural rules has prevented this claim from being considered in one full round of Ohio's established appellate review.  This procedural default can now be overcome only be a showing of cause for the default,  prejudice resulting from this Court's failure to consider the merits of the claim, or a showing of actual innocence.  Yet Carrington contends that he "does not need to allege cause and prejudice because his claims have been exhausted."[138] While recognizing that *pro se* pleadings are to be construed leniently, there is no basis for now overlooking Carrington's fundamental confusion about the distinctions between "exhaustion" and "procedural default," nor can this Court simply supply *de novo* any "cause" for the default that has not been originally stated by Carrington.

Because the claim in Ground Three has been procedurally defaulted, and that default has not been excused, Ground Three should be dismissed.

---

[136] *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

[137] *See*, ECF # 8 at 5.

[138] *Id.*

## Conclusion

For the reasons stated, I recommend that Grounds One and Two be dismissed as non-cognizable, Ground Three be dismissed as procedurally defaulted, and Carrington's request for an evidentiary hearing be denied.

Dated: March 21, 2017                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[139]

---

[139] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).