**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JERMONE CARRINGTON,** ) | **CASE NO. 1:16-cv-160** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER ADOPTING REPORT AND** |
| ) | **RECOMMENDATION** |
| **BRIGHAM SLOAN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are Petitioner Carrington's Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (the "Petition"), Doc #: 1, and the Report and Recommendation (the "R & R") of Magistrate Judge William H. Baughman, Jr., Doc #: 11. For the reasons discussed herein, the R & R is adopted in full and the Petition is dismissed.

**I. Background**

On January 22, 2016, Carrington filed his Petition pursuant to 28 U.S.C. § 2254. Doc #: 1. Carrington asserted relief on three grounds:

> [Ground One]
> Pursuant to the Fourteenth Amendment of the United States Constitution, in making a Defendants [Due Process] rights meaningful, a sentencing court must

1

> assure itself that the information upon which it relies when fixing sentence is reliable and accurate before imposing consecutive sentencing that is contrary to law using the statutory guidelines of R.C. § 2929.14(C)(4).
>
> . . .
>
> [Ground Two]
> The Equal Protection under Article I, Section 10 of the Ohio Constitution and the XIV Amendment to the United States Constitution places an affirmative duty on the trial court to make a finding regarding any inaccuracies in a PSI report it admits was wrong R.C. § 2951.03(B)(5) not justifying the court"s error of that law as an expression of the court"s frustration over identified errors. R.C. § 2951.03(B)(5).
>
> . . .
>
> [Ground Three]
> Due process of law protected under Article I, Section 10 of the Ohio Constitution warrants a trial court's compliance with a CRIM.R. 11(C) statute, where a trial court must make certain advisement's prior to accepting a defendant's guilty plea in order to ensure that the plea is knowingly, intelligent, and voluntary.

Petition 4, 8, 11 (errors in original) (some brackets in original). On March 21, 2017, Magistrate Judge Baughman issued the R & R recommending that the Court dismiss the Petition. Specifically, Magistrate Judge Baughman recommended that Grounds One and Two be dismissed as noncognizable, Ground Three be dismissed as procedurally defaulted, and that Carrington's request for an evidentiary hearing be denied.

On April 6, 2017, Carrington filed a motion for an extension to file his objection to the R & R. Doc #: 12. The Court granted Carrington's motion, allowing Carrington until May 8, 2017 to file his objection. Doc #: 13. Carrington filed Petitioner's Objection to the Magistrate Judge's Report and Recommendation (the "Objection") on May 4, 2017. Doc #: 14.

**II. Legal Standard**

The Federal Magistrate Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). Specifically,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

*Id.*; *See* LR 72.3(b). A plaintiff waives his right to review of the remaining portions of a report and recommendation to which he did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

## III. Discussion

Carrington raises two objections to the R & R. He argues that Grounds One and Two are cognizable for federal habeas relief because both "are constitutional violations, and rise to the level of rendering the entire sentencing process fundamentally unfair." Obj. 2. In regards to Ground Three, Carrington argues that his claim was not procedurally defaulted because he "adequately alerted the state courts of the constitutional nature of his claim." *Id.* Carrington did not address the evidentiary hearing in his Objection.

### A. Timeliness of the Objection

Because the Court granted Carrington an extension, until May 8, 2017, to respond to the R & R, Carrington's May 4, 2017 Objection was timely.

### B. Cognizability of Grounds One and Two

Carrington objects to the magistrate judge's conclusion that Grounds One and Two are noncognizable. Specifically, Carrington argues that the Grounds "are Constitutional violations,

3

and rise to the level of rendering the entire sentencing process fundamentally unfair . . . ." Obj. 2. However, Grounds One and Two are noncognizable.

Carrington's objection is premised on alleged violations of a state sentencing statute. A general discussion of the law will clarify why the alleged violation of state sentencing law is noncognizable. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Accordingly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68. In short, a ground for § 2254 federal habeas relief based solely on an alleged violation of state law is noncognizable. On the other hand, federal habeas review is justified, even on matters solely of state law, when errors undermine the confidence in the fundamental fairness of the state adjudication. *Williams v. Taylor*, 529 U.S. 362, 375 (2000).

In his Objection, Carrington argues that the state court erred in imposing a consecutive sentence. Obj. 2. However, sentencing is a state matter, and states have authority over the administration of their criminal justice systems, including concurrent and consecutive sentencing. *Oregon v. Ice*, 555 U.S. 160, 164 (2009). Consequently, even if the state court misinterpreted state sentencing guidelines (the Court is not opining on whether the state court so erred), Carrington's sentencing would not become a federal constitutional concern. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991) ("[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus

jurisdiction."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedure."). Since sentencing is solely a state court matter, the state court's decision to impose a consecutive sentence is noncognizable for the purposes of federal habeas review.

Moreover, the states court's decision to impose consecutive, rather than concurrent, sentences was within its discretion. *See Oregon v. Ice*, 555 U.S. 160, 168 (2009) ("[Historically,] the jury played no role in the decision to impose sentences consecutively or concurrently. Rather, the choice rested exclusively with the judge."). And here, there is no argument that the state judge did not sentence Carrington within the state statutory sentencing limitations for each of his offenses. *See* Ohio Rev. Code Ann. § 2929.14 (LexisNexis 2017). Specifically, Carrington was sentenced to two counts of felonious assault, each with an eight-year sentence, and a firearm specification, with a three-year sentence. Tr. of Proceedings, 35, Doc #: 7-2.

Carrington also argues that the state court's reliance on an inaccurate PSI Report "render[s] the entire sentencing process fundamentally unfair." Obj. 2. But, as the magistrate judge indicated, Grounds One and Two are not fundamentally unfair for the purposes of federal habeas corpus relief. A constitutional issue arises out of a state law matter when a state court decision violates "fundamental fairness, shocking the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973) (quoting *Kinsella v. United States ex rel. Singleton*, 361 U.S.234, 246 (1960)). The Supreme Court explains,

> Among other things, it is normally 'within the power of the State to regulate procedures under which its laws are carried out,' ... and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it

5

> offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'

*Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (alteration in original) (quoting *Patterson v. New York,* 432 U.S. 197, 201–202 (1977)). For example, the Supreme Court explains that fundamental unfairness exists when "a coerced confession is used as a means of obtaining a verdict of guilt," *Lisenba v. California*, 314 U.S. 219, 236 (1941), or when physical torture is used to extort testimony from a defendant. *Id*. at 237.

However, Carrington provides, and the Court has found, no case law to suggest that inaccuracies in a PSI Report render a trial or sentencing fundamentally unfair. The alleged errors in the PSI Report do not "shock[] . . . the universal sense of justice," to an extent that would render the state court's decision fundamentally unfair. *Montana*, 518 U.S. at 43.

For the reasons stated above, Carrington's first objection is overruled and the Court adopts the R & R's recommendation to dismiss Grounds One and Two as noncognizable.

**C. Ground Three: Procedural Default Objection**

Carrington objects to the magistrate judge's conclusion that Ground Three is procedurally defaulted. Specifically, Carrington argues that Ground Three is not procedurally defaulted because he "adequately alerted the state courts of the constitutional nature of his claims." Obj. 2.

A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). At issue here, a federal court may not grant a writ of habeas corpus unless the petitioner has first exhausted all available remedies in state court. *Id*.; 28 U.S.C. § 2254(b)(1)(A).

6

Procedural default may occur in two ways. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* Second, a petitioner procedurally defaults a claim when he "fail[s] to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Id*. (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level of direct state review of Ohio conviction cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 552 N.E.2d 894, 899 (1990) (failure to present a claim to a state court of appeals constituted a waiver).

Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams*, 460 F.3d at 806. Exhaustion requires habeas petitioners to pursue the state remedies "available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). On the other hand, procedural default occurs when state court remedies are no longer available to a petitioner because he failed to use them within the required time period. *Id*. For both exhaustion and procedural default, the defendant is no longer able to move forward with his claim in state court. However, when a defendant procedurally defaults (because he has failed to pursue state remedies), he is not entitled to federal habeas corpus review.

Carrington procedurally defaulted when he did not adequately alert the state court of Ground Three. After Carrington's state conviction, the Eighth District Court of Appeals granted

7

Carrington a motion for delayed appeal, which Carrington filed on May 2, 2014. In his delayed appeal, Carrington raised two assignments of error,

> **First Assignment of Error:** Appellant was denied effective assistance of counsel in violation of amendments VI an XIV, United State Constitution; and Article I, Section 10, Ohio Constitution
> **Second Assignment of Error:** The trial court erred by imposing consecutive sentences.

Appellant's Brief and Assignment of Error, iii, Doc #: 7-1. However, Carrington's delayed appeal did not include what he now asserts as Ground Three. *See id.* Indeed, Carrington first raised issues resembling Ground Three later in his state Petition for Post Conviction relief, signed on September 3, 2014. Petition for Post Conviction, 7, Doc #: 7-1. Consequently, Carrington did not raise Ground Three, as required, in Ohio's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan* 526 U.S. at 848). Even if the state remedies that he could have pursued are no longer available, Carrington has not exhausted state remedies necessary for federal habeas review of Ground Three. Rather, Ground Three is procedurally defaulted.

For the reasons stated above, Carrington's second objection is overruled and the Court adopts the R & R's recommendation to dismiss Ground Three as procedurally default.

(Continued on next page.)

**IV. Conclusion**

Accordingly, Carrington's Objection, Doc #: 14, is OVERRULED, the R & R, Doc #: 11, is ADOPTED, Carrington's request for an evidentiary hearing is denied, and Petition, Doc #: 1, is DISMISSED. Specifically, Grounds One and Two are dismissed as noncognizable and Ground Three is dismissed as procedurally defaulted.

IT IS SO ORDERED.

*/s/ Dan A. Polster     June 6, 2017*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**